UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE ANN NIXON,                                                     Case No. 1:11-cv-784

    Plaintiff,                                                                        Barrett, J.
                                                                                         Bowman, M.J.

    v.

UNITED STATES POSTAL SERVICE., et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

On November 4, 2011, Plaintiff initiated this employment discrimination case. On January 25, 2012, Defendants filed a motion for partial dismissal, and for substitution of the United States Postmaster General as the sole Defendant. Defendants argue that the Postmaster General is the only proper Defendant, as the head of Plaintiff's prior employing agency, the United States Postal Service. (Doc. 7).

S.D. Ohio Civ. R. 7.2(a)(2) provides that a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." When Plaintiff filed no timely response, the Court directed her to "**SHOW CAUSE**, in writing on or before **March 16, 2012**, why the Defendants' motion for partial dismissal and for substitution of the Defendant (Doc.7) should not be construed as unopposed and granted for the reasons stated." (Doc. 8). Plaintiff, who proceeds *pro se*, filed a response to the Court's order in which she alleges that she was discriminated against by Postmaster Jody Evans "who was Officer In Charge

1

at date of dismissal."  (Doc. 10).   Plaintiff also states that she has witnesses who are willing to testify on her behalf.

Plaintiff's response does not refute the merits of Defendant's motion.  Defendant does not seek to dismiss Plaintiff's claims in their entirety, but only to substitute the proper Defendant for two improperly named Defendants.

Specifically, the complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure to the extent that Plaintiff seeks relief against the employing agency itself, the United States Postal Service.  Jody Edwards also must be dismissed, because the only properly named Defendant is the head of the United States Postal Service, or Postmaster Patrick Donahoe.  *See e.g.,* 42 U.S.C. §2000e-16(c)(the defendant in an employment discrimination action filed against the federal government is "the head of the department, agency or unit, as appropriate.").  In addition, Plaintiff's claims against Defendant Edwards are subject to dismissal pursuant to Rule 12(b)(6) because individuals such as Ms. Edwards cannot be held liable for discrimination under Title VII.  *See Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

Therefore, **IT IS RECOMMENDED THAT** Defendants' motion for partial dismissal (Doc. 7) be **GRANTED,** and that all claims against Defendants United States Postal Service and its employee, Jody Edwards be **DISMISSED**, with the Postmaster General, Patrick Donahoe to be substituted as the proper Defendant in this case.

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOYCE ANN NIXON,                      Case No. 1:11-cv-784

    Plaintiff,                            Barrett, J.
                                        Bowman, M.J.

    v.

UNITED STATES POSTAL SERVICE., et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).