UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE ANN NIXON,                               Case No. 1:11cv784

      Plaintiff,                                 Barrett, J.
                                                     Bowman, M.J.
      v.

PATRICK DONAHOE, POSTMASTER GENERAL,

      Defendant.

### OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation. (Doc. 33). In the Report, the Magistrate Judge recommends that Defendant's motion for summary judgment (Doc. 31) be granted, that all claims against Defendant be dismissed, and that the case be closed. Plaintiff has filed objections to the Report and Recommendation (Doc. 36), and Defendant filed a response (Doc. 37). For the reasons set forth below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.

**I.    BACKGROUND**

The factual background of the case is sufficiently set forth in the Report and Recommendation, and is incorporated here. The specific facts that are relevant to the Court's analysis will be referenced below where appropriate.

**II.    LEGAL STANDARD**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.

1

R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.; see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.    ANALYSIS

The Report and Recommendation was limited to Plaintiff's claims for gender discrimination and retaliation.  (Doc. 33, p. 7).  The Magistrate Judge concluded that Plaintiff failed to show pretext as to both claims, and she also failed to prove her prima facie case for gender discrimination because she did not show any similarly situated employee was treated differently.  However, the Magistrate Judge concluded that the evidence as to a causal connection for retaliation was sufficient to establish a prima facie case, even though that claim still failed based on pretext.  Plaintiff raises objections only as to the first and second conclusions of the Magistrate Judge.

**1. Pretext**

The Magistrate Judge concluded that Plaintiff failed to prove pretext for either of her claims.  The Magistrate Judge specifically noted that Plaintiff (1) did not argue that there was no basis in fact for the incidents, (2) did not show that the infractions were insufficient to warrant her termination, and (3) did not establish that the sheer weight of the evidence showed pretext.  In her objections, Plaintiff does not take issue with the first conclusion.  She objects instead to the Magistrate Judge's second and third conclusion on three grounds.

However, before addressing the three objections specifically, the Court finds it important to reiterate that Plaintiff made no argument as to pretext in responding the Defendant's motion for summary judgment. It is not a court's responsibility to find a genuine issue of material fact to preclude summary judgment, and a court is entitled to rely upon the evidence of record specifically identified by the parties and on the arguments specifically made in relation to that evidence. *See InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Beatty v. UPS*, 267 F. Supp. 2d 823, 829 (S.D. Ohio 2003); *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995). Absent any argument or evidence as to pretext, Plaintiff failed to meet her burden and her claims could have been dismissed by the Magistrate Judge on that basis alone. The Magistrate Judge, however, liberally construed Plaintiff's argument to determine whether pretext exists, despite lacking any guidance from Plaintiff as to what she should or should not consider. Plaintiff thus had an opportunity to present arguments to the Magistrate Judge to prevent summary judgment, and she failed to do so. To now allow Plaintiff to present new arguments as to pretext in her objections is improper, as those arguments have been waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that arguments raised for the first time in an objection to a magistrate judge's report and recommendation are deemed waived). Nevertheless, even if the arguments are not waived, none of them, individually or collectively, preclude summary judgment in this case.

**A. Increased scrutiny**

One of the reasons the Magistrate Judge considered in determining whether pretext had been proven was whether there was increased disciplinary scrutiny by Evans following Plaintiff's EEOC complaint. Plaintiff claims that the Magistrate Judge erred because she did not consider (1) the redress agreement that specified that Evans would not continue what had become a pattern of excessive scrutiny, (2) the redress agreement to the extent it stated that Evans would discontinue a pattern of adverse statements about Nixon, and (3) that Evans abrogated both by disciplining her and increasing the scrutiny of her work.

The Court disagrees with Plaintiff. The Magistrate Judge did indeed consider the filing of the EEOC complaint and the alleged retaliation by Evans. (*See* Doc. 33, pp. 10-11, 16). However, the Magistrate Judge concluded that Plaintiff had not put forth sufficient evidence on the issue to submit it to a jury. (*Id.*) The Magistrate Judge specifically pointed out that the evidence did not show an *increase* in scrutiny after her protected activity so as to suggest a pretext for retaliation. The Magistrate Judge relied on the fact that Plaintiff presented no evidence that the initial discipline imposed by a different supervisor in March 2007 for falsifying time records was related to increased scrutiny or her gender, that Plaintiff had agreed in January 2008 in relation to similar violations that she would undergo retraining and management would notify her of performance issues in a timely manner, and that Evans had informed her months prior to her EEOC complaint that her performance would be monitored daily. (*Id.* at 16-17). Plaintiff does not present any evidence to contradict any of the facts upon which the Magistrate Judge relied. While Evans may have *continued* his scrutiny of her following the EEOC complaint given her history of rule violations, the Court agrees with the

Magistrate Judge that the evidence does not show any *increase* in scrutiny after the filing of the EEOC complaint that plausibly suggests pretext. *See Hamilton v. General Elec. Co.*, 556 F.3d 428, 436 (6th Cir. 2009). Accordingly, the Court finds that the Magistrate Judge properly evaluated the evidence, and thus, Plaintiff's objection as to pretext on this basis is overruled.

### B. Evan's knowledge of Hupp's alleged timesheet falsification

Plaintiff also argues that the Magistrate Judge failed to properly consider Evan's knowledge of similar infractions by Hupp and his failure to sanction Hupp, which she claims is evidence of pretext. Plaintiff's objection is overruled for several reasons.

First, her objection assumes that Hupp falsified timesheets. The Magistrate Judge, however, suggested that insufficient evidence existed to show Hupp falsified the time records, given that the only evidence was Plaintiff's own "personal" observations that Hupp committed the time-keeping offenses on unspecified dates. (Doc. 33, pp. 14, 17). Plaintiff does not object on that basis or offer any additional evidence to support a finding that Hupp falsified his timesheets. Thus, if the evidence is insufficient to show that Hupp committed any infractions, then whether Evans could have been aware of such infractions because of his work schedule is immaterial.

Second, even assuming that he committed the infractions and Evans was aware of them, Plaintiff still has not provided evidence that Hupp's alleged conduct was substantially identical to that which Defendant contends motivated its action against Plaintiff. To exemplify, Plaintiff still has not provided evidence that Hupp had a prior disciplinary record or had been disciplined by the former Postmaster, that Hupp was sent to additional mandatory training, or that he was subjected to the same standards

5

as Plaintiff for timekeeping.  Nor did she present evidence that Hupp had committed all of the same violations, such as failing to deliver mail on time to the distribution truck, deviating from the assigned route, or being the subject of customer complaints about late deliveries or late pickups.  All of those details are significant to the similarly situated analysis.  Plaintiff's conclusory statements that the violations were of the same character as Plaintiff's violations, without evidentiary support, are insufficient to demonstrate that Hupp was similarly situated.  Plaintiff's objection on this ground is therefore overruled.

### C. Comparative actions

Plaintiff's final objection as to pretext is essentially that the Magistrate Judge erred in insulating Defendant from liability based upon the actions of Pence, who allegedly lacked first-hand knowledge of the discriminatory or retaliatory actions of Evans.  That objection, however, does not make it more likely than not that a discriminatory or retaliatory motive was the real reason for the adverse action.

As explained above, Plaintiff has failed to show an unlawful animus of Evans.  The evidence does not support a finding either that Evans increased scrutiny of Plaintiff's actions after her filing of the EEOC complaint, or that he treated her differently than a similarly situated male employee.  As such, there is no unlawful animus that can be imputed to Pence based on Pence's alleged reliance on Evans for information concerning Plaintiff's performance.  Stated another way, Pence's lack of knowledge about non-discriminatory and non-retaliatory incidents or events that occurred at West Union is insufficient to show pretext.

Moreover, the evidence does not show that Pence simply relied on the information provided to her by Evans. Instead, Pence was aware of the incidents that undisputedly occurred. (*See* Doc. 29-3, ¶¶ 8-9). Pence also spoke to Plaintiff, at which time Plaintiff indicated that she would not change her actions even if termination was not recommended. (Doc. 29-3, ¶ 9). As such, Pence's final approval was not simply a rubber stamp but was based on an understanding of the incidents that occurred and on behaviors that Plaintiff informed Pence she would not change. Pence's approval of terminations for four male employees for falsification of their timesheets thus is relevant, as it lends credence to the proffered reasons for Plaintiff's terminations.

For each of those reasons, the Court overrules Plaintiff's objections on this ground.

### 2. Similarly Situated Individuals

Plaintiff's argument as to Evans' knowledge of Hupp's actions, which is addressed above as to pretext, also is relevant to whether Plaintiff set forth sufficient evidence that a similarly situated employee falsified his timesheet but was not disciplined. For the same reasons discussed above, Plaintiff's objection is overruled.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Objections (Doc. 36) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Doc. 33) is **ADOPTED**. It is hereby **ORDERED** that:

1. Defendant's motion for summary judgment (Doc. 29) is **GRANTED**.

2. All claims against Defendant are **DISMISSED**.

3. This case shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

<u>s/ Michael R. Barrett</u>  
Michael R. Barrett, Judge  
United States District Court